R. M. ROSE CO. v. SOUTHERN EXPRESS CO.

(District Court, N. D. Alabama, S. D.  May 24, 1915.)

No. 264.

1. COURTS ⬤⟿493—CONFLICTING JURISDICTION—PRIORITY OF JURISDICTION.
    The pendency in the state courts of suits involving the validity of a state statute, under the federal Constitution, does not oust a federal court of jurisdiction of causes subsequently brought between the same or other parties involving the decision of the same question, nor afford any reason for declining to assume jurisdiction, as to make the res in two causes identical, and exclude the jurisdiction of all co-ordinate courts other than that first obtaining jurisdiction, it is not sufficient that similar questions be involved in the two cases.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1346–1352; Dec. Dig. ⬤⟿493.]

2. COURTS ⬤⟿493—CONFLICTING JURISDICTION—PRIORITY OF JURISDICTION.
    The R. Co. and other nonresident liquor dealers sued in the Alabama state courts to enjoin an express company from refusing to receive shipments of intoxicating liquors pursuant to a state statute claimed to be unconstitutional, but the R. Co. was subsequently stricken from the plaintiffs in such suit. The Attorney General brought suit in the name of the state against the express company and such liquor dealers to restrain such dealers from prosecuting their suit and other suits, and from delivering to the express company and the express company from receiving such liquors for transportation, and obtained an ex parte temporary injunction. The R. Co. then sued in the federal court and sought an injunction restraining the express company from refusing such shipments. It did not appear that the express company was acting in collusion with the state, or that it was acting dilatorily in the litigation in the state court. Held that, to avoid a clash between the state and federal courts, and the injustice resulting from placing the express company in a position

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of enforced disobedience to the orders of one of the courts, the injunction should be denied, notwithstanding the probable loss of business to the R. Co., pending a final hearing in the state court, since, though it was doubtful whether that court had jurisdiction over the nonresident liquor dealers, so long as it retained and was exercising jurisdiction, a co-ordinate court could not treat its proceedings as coram non judice, and, moreover, it had undoubted jurisdiction to enjoin the express company from receiving such shipments.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1346–1352; Dec. Dig. ☞493.]

In Equity. Suit by the R. M. Rose Company against the Southern Express Company. On application for interlocutory injunction. Injunction denied.

Lawrence Maxwell, of Cincinnati, Ohio, Allison, Lynch & Phillips, of Chattanooga, Tenn., Herbert Jackson, of Cincinnati, Ohio, and Weil, Stakely & Vardaman, of Montgomery, Ala., for plaintiff.

R. C. Alston, of Atlanta, Ga., and S. D. Weakley and Tillman, Bradley & Morrow, all of Birmingham, Ala., for defendant.

GRUBB, District Judge. This is a bill filed by the plaintiff, as a shipper of intoxicating liquors from another state than Alabama into Alabama, against the defendant, which is a common carrier of goods by express, seeking to enjoin the defendant to accept shipments of intoxicating liquors, tendered to it for transportation and delivery to consignees, living in dry territory in Alabama, for their personal consumption. The defendant declines to receive such shipments and make such deliveries, because of the prohibition contained in an act of Alabama, now in force in dry territory, known as the "Anti-Shipping Law," which prohibits residents of Alabama, in what is known as "dry territory," from receiving, having in possession, using, or selling intoxicating liquors, except in quantities limited by the terms of the act. The position of the plaintiff as to the act is that it is void because it violates section 1, article 8, of the federal Constitution, and the fourteenth amendment thereto, and for that reason affords no protection to the defendant in its refusal to receive shipments in excess of the quantities fixed by the act for transportation and delivery in dry territory in Alabama.

The application is for an interlocutory injunction. There has been much litigation of this question in the courts of Alabama. A recapitulation of it is necessary. A bill was first filed in the Montgomery city court by one J. E. Whittle, a foreign liquor dealer, against the defendant herein, with similar purpose and effect. The defendant appeared and answered the bill. The Attorney General was invited by the defendant and did assist in the argument of the case. Upon the final hearing, a decree was rendered for the plaintiff, perpetually enjoining the defendant from refusing to accept, at plaintiff's instance, liquor shipments intended for the personal consumption of residents in Alabama dry territory in excess of the quantities permitted by the Alabama Anti-Shipping Act. The ground of the decision was the unconstitutionality of the Alabama Anti-Shipping Law as a regulation of interstate

commerce. An appeal was taken by the defendant from this decree to the Supreme Court of Alabama, which is now pending and will probably be argued and submitted in the Supreme Court of Alabama during the present month.

The operation of the final decree was not suspended by the defendant pending the appeal. After the final disposition of the Whittle Case in the Montgomery city court, a second bill was filed in that court, of similar tenor, effect, and seeking like relief, against the defendant in this case, which was also the defendant in the Whittle Case. The plaintiffs in the second bill were about 60 liquor dealers, residents of states other than the state of Alabama, having a trade in intoxicating liquors with residents of Alabama who inhabited dry territory, and are therefore now amenable to the terms and restrictions of the Alabama Anti-Shipping Law with reference to the quantities of liquors they are entitled to receive, use, possess, or sell. Among the original plaintiffs to the second bill was the present plaintiff. However, before the filing of the present bill in this court, the second bill in the Montgomery city court was amended, with the effect that the plaintiff in this bill was stricken from among the parties plaintiff to the bill in that cause. After the filing of the second bill in the Montgomery city court, an application was made to the judge of that court for the allowance of a temporary injunction, in pursuance of the prayer for relief. The judge of the city court declined the application, upon the ground that the bill was defective, in that there was a misjoinder of parties plaintiff, of which he was required to take notice by the Alabama statute upon a motion for a preliminary injunction. This bill is now pending in the Montgomery city court.

After the filing of this second bill in the Montgomery city court, the state of Alabama, through its Attorney General, filed a bill in the chancery court of Montgomery county against the defendant herein and the various liquor dealers, who had jointly filed the second bill in the Montgomery city court, as herein stated, including the plaintiff in this cause, and also against J. E. Whittle, who was the sole plaintiff in the first bill filed in that court. The purpose of the bill filed in the name of the state was to restrain the parties plaintiff to the first and second bills from further prosecuting those proceedings, and also to restrain them from delivering to the defendant, the Southern Express Company, and the Southern Express Company from receiving from them for transportation, liquors in excess of the quantities prescribed by the Anti-Shipping Law for delivery to consignees in the dry territory, even where intended for their personal consumption. The chancellor issued ex parte a temporary injunction, restraining the various defendants named from causing to be transported into the state of Alabama in dry territory packages of spirituous, vinous, or malt liquors, or other intoxicating liquors, in excess of the quantity prescribed in section 12 of the Anti-Shipping Law. The temporary injunction, as issued, did not restrain the prosecution of the pending suits, which had been instituted by the defendants, who were liquor shippers, in the Montgomery city court. All the defendants in the bill filed by the state of Alabama were nonresidents. Except as to the defendant, the Southern Express

Company, service was sought to be had by publication. Service was also attempted to be had on attorneys for the plaintiffs in the bills in Montgomery city court, where the plaintiffs in those suits were defendants in the bill filed by the state. It was attempted in this way to obtain service on the plaintiff in this cause, the R. M. Rose Company. The defendant, the Southern Express Company, was amenable to service in Alabama, and was, in fact, properly served as a party defendant to the state's bill. The Alabama Code provides that notice of an application for an injunction to restrain the prosecution of a suit may be given the attorney for the plaintiff in the suit sought to be restrained, under certain circumstances. After the issuance of the preliminary injunction in the case filed by the state of Alabama, the defendant, the Southern Express Company, appeared and answered the bill. The bill, in this attitude, is now pending in the Montgomery chancery court.

[1] It is under this state of pending litigation that the application for a preliminary injunction is made in the present cause. It seems clear that the mere pendency of suits in the state courts of Alabama, involving the decision of the same question presented in this cause— i. e., the constitutionality of the Alabama Anti-Shipping Law as related to the provisions of the federal Constitution—would afford no reason for the federal court to decline to assume jurisdiction and decide the question involved, since it is a federal question. The fact that the state court first obtained jurisdiction of causes involving the decision of this question does not operate to oust the jurisdiction of the federal court of causes, subsequently brought to it, between other or the same parties, involving the decision of the same question. The meaning of the term "res" does not extend so far. The presence of and need for deciding similar questions in each court for the disposition of the causes does not make the "res" in each identical. There must be a more tangible subject-matter of the controversy, which is the same in each suit, before it can be said that the court, which first obtains jurisdiction of the matter, excludes the jurisdiction of all other co-ordinate courts from controversies relating to that subject-matter. So that, if the only ground for denying the injunction asked for is the necessity for passing upon the constitutionality of the Anti-Shipping Law of Alabama, if the application be entertained, while that question is under the consideration of the state courts, it would seem an inadequate one.

[2] In this case there is an additional reason advanced by the defendant, the Southern Express Company. It is already under an injunction from the chancery court of Montgomery county, the effect of which is to require it to refuse to receive for transportation "into the state of Alabama in dry territory packages of spirituous, vinous, or malt liquors, or other intoxicating liquors, in excess of the quantity prescribed in section 12 of the Anti-Shipping Law." Among the parties, named in the state bill, from whom it is enjoined from receiving liquors in the prohibited quantities for shipment into dry territory, in Alabama, is the identical plaintiff in this case, the R. M. Rose Company. While it may be doubtful whether the Montgomery chancery

court has or can acquire jurisdiction of this plaintiff (at least for any other purpose than the restraint of its suit, one that now stands dismissed, so far as the plaintiff, the R. M. Rose Company, is concerned), it is clear that this is a matter for the determination of that court, and not the federal court. So long as it still retains and is exercising jurisdiction over the cause, a co-ordinate court cannot treat its proceedings as coram non judice, even as to the nonresident defendants. It may be that they will in the course of the proceeding voluntarily appear in that court, and so eliminate the question of lack of personal jurisdiction over the nonresident defendants. Aside from that, it is without dispute that the defendant, the Southern Express Company, is properly in court in that cause, both by service and appearance in the Montgomery chancery court. That court had undoubted jurisdiction to enjoin the defendant, the Southern Express Company, from receiving for transportation into dry territory in Alabama liquor shipments for personal use of consignees there residing, in excess of the statutory quantities. And this is true, whatever the status of the nonresident defendants as to servability may be. This the Montgomery chancery court has actually done by its writ of injunction issued and served upon the defendant, the Southern Express Company, before the bill in this cause was filed by the plaintiff. This injunction in terms prohibits the Southern Express Company from accepting from this plaintiff, the R. M. Rose Company, any liquors in illegal quantities for shipment into Alabama dry territory. It is still in force and imposes on the Southern Express Company the duty of obedience.

The effect of granting the present application in the case at bar would be to require the defendant, the Southern Express Company, to accept for shipment from the plaintiff, the R. M. Rose Company, for transportation and delivery to consignees in Alabama dry territory for personal use, liquors in excess of the statutory amounts. If the application is granted, it will be impossible for the Southern Express Company to comply with the orders of both courts, since the effect of the one is to forbid it from doing what the other will require it to do. If liquor in prohibited quantities for shipment into dry territory in Alabama is tendered it by the plaintiff, the R. M. Rose Company, it must accept it or violate the order of this court. It cannot accept it without violating the order of the Montgomery chancery court, still in force. The result will be that by the action of two courts, and without apparent fault upon the part of the Southern Express Company, it will be put in an attitude of enforced contempt of the conflicting orders of at least one court. Obedience to this court's writ will necessarily result in disobedience to the prior order of the state court, and the consequent necessity of the state court to punish such disobedience will call upon this court by habeas corpus to interfere with the process and custody of the state court for the purpose of protecting its litigant in the obedience of its own order. The result will be an unseemly conflict between this court and the state court.

In the case of Peck v. Jenness, 7 How. 612, 626, 12 L. Ed. 841, the Supreme Court said:

"It is a doctrine of law too long established to require citation of authorities that, where a court has jurisdiction, it has a right to decide every question which occurs in the cause, and whether its decision be correct or otherwise, its judgment, till reversed, is regarded as binding in every other court, and that, where the jurisdiction of a court, and the right of a plaintiff to prosecute his suit in it, have once attached, that right cannot be arrested or taken away by proceedings in another court. These rules have their foundation, not merely in comity, but on necessity; for if one can enjoin, the other may retort by injunction, and thus the parties be without remedy, being liable to a process for contempt in one, if they dare to proceed in the other."

That this is a situation to be avoided requires no argument. That it should not be created by the granting of a preliminary injunction, which is addressed to the judicial discretion of the court, and granted only when its granting accords with judicial propriety, unless for the most urgent and imperative reasons, is clear.

In this case the plaintiff, at one time, invoked the jurisdiction of the state court itself, and its doing so was the probable cause of the filing of the bill by the state in the Montgomery chancery court. The injury that will result to the plaintiff from the denial of the preliminary injunction will be the loss of business with Alabama consignees in dry territory in excess of the permitted quantities, pending final hearing in this cause, or an earlier determination of the matter in the state courts. The amount of loss is not shown with any certainty. So far as the question can be settled by the court of last resort in Alabama, it will likely be settled in a very short time. It is open to the plaintiff to appear in the suit in the Montgomery chancery court for the purpose of hastening the decision of the cause and getting rid of the ex parte injunction, in connection with its codefendant, the Southern Express Company. It will be presumed that the plaintiff can obtain justice there as effectually and speedily as in this court. It is not claimed that the Southern Express Company is acting collusively with the state, or dilatorily, in the conduct of the litigation in the state court. Its pecuniary interest aligns it with the plaintiff in this cause. It would be its duty to shippers to use all reasonable efforts in the cause in the state court to free itself of the obligation of the ex parte injunction there issued and served on it. No complaint has been made that it has been dilatory in this respect up to this time. A failure to use due diligence to free itself in that court might present the matter differently in this court, upon this or a renewed application of like effect.

As now presented, the defendant, the Southern Express Company, is not charged with fault or collusion, in involving itself in the embarrassing situation of conflicting orders of co-ordinate courts impossible of consistent execution, that will result if this application be granted. The resulting situation will not only unduly embarrass an innocent litigant, but will produce a direct conflict of authority between the state court and this court, that must be determined, if carried to extremity, by a test of force between the executive officers of the two courts, in endeavoring to enforce the conflicting orders of each. Balancing, as against this direct, immediate, and inevitable clash between the state and federal courts, and the injustice done by the court in placing an innocent litigant in a position of enforced dis-

obedience to the orders of at least one court, the probable loss to plaintiff's business pending final hearing, though it be considerable, I think that judicial discretion and propriety require the avoidance of such an unfortunate situation by the denial of the plaintiff's application for a preliminary injunction.